UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

In Re:                                                          CHAPTER 11
WI-JON, INC.                                          CASE NO. 17-80522
          Debtor

In Re:                                                          CHAPTER 11
FORD'S FINE FOODS, INC.                      CASE NO. 17-80523
          Debtor

In Re:                                                          CHAPTER 11
FORD HOLDINGS, LLC                            CASE NO. 17-80524
          Debtor


**EMERGENCY MOTION FOR ORDER
AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL
AND SCHEDULING A FINAL HEARING**

**NOW INTO COURT**, through undersigned counsel, Wi-Jon, Inc. and Ford's Fine Foods, Inc., debtors-in-possession in their respective cases and collectively the "debtors-in-possession," who pursuant to Sections 11 U.S.C. §§105, 363 and 364 and Rules 2002, 4001 (b),(c) and (d) and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move this Court for entry of interim and final orders authorizing the debtors-in-possession to sell inventory and use cash and accounts receivable which may be "cash collateral" and providing adequate protection for same (the "Motion") , and scheduling a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001.

1.        This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2.        Each of the above debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 24, 2017 and was thereafter continued as a debtors-in-possession.

3.        The debtors-in-possession are continuing in possession of their property and are operating their businesses in the ordinary course as debtors-in-possession pursuant to 11 U.S.C §§ 1107 and 1108.

4.     No creditor's committee has been appointed and no motion has been filed to appoint a trustee in any of the cases.

5.     Each of the corporate debtors is wholly owned by Quinon R. Ford ("Ford").

6.     Ford is the president, sole shareholder and sole board member of Wi-Jon, Inc. ("Wi-Jon") and Ford's Fine Foods, Inc. ("Ford's Fine Foods") and is the sole and managing member of Ford Holdings, LLC. ("Ford Holdings").

7.     Wi-Jon, Inc. ("Wi-Jon") owns and operates three grocery stores.

8.     Ford's Fine Foods owns and operates one grocery store.

9.     Ford Holdings owns a shopping center leased to third parties and an office building used as the main office for all of the debtors at a nominal rental to each of the other debtors.

10.     The three corporate debtors are co-makers on the note to Centric Federal Credit Union ("Centric"), who is presently owed approximately $4,400,000.00 and Ford is a guarantor on said debt.

11.     Centric holds a first lien security interests in the assets of Ford's Fine Foods and Wi-Jon and a second lien security interest in the assets of Ford Holdings.

12.     The Centric debt was incurred in September of 2011 in a restructure of the obligations of Ford's Fine Foods and Wi-Jon.

13.     Although the debtors-in-possession were current on all of their obligations at the time these cases were filed, including Centric, the strain placed upon Wi-Jon and Ford's Fine Foods by the debt service to Centric and by the general economic conditions in the grocery business causing a deflation is grocery prices, has caused them to seek relief under the Bankruptcy Code.

14.     Through this Motion, the debtors-in-possession seek this Court's authorization to sell their inventory in the ordinary course of business, convert the same to cash or accounts receivable, use cash generated therefrom which may be "cash collateral" as defined in 11 U.S.C. §363(a) pursuant to §§363(b)(2), (3) and (4) and Bankruptcy Rule 4001(b), and provide adequate protection to Centric retroactive to the Petition Date.

15.     In addition, the debtors-in-possession are requesting that a final hearing ("Final Hearing") be scheduled on the use of cash collateral and adequate protection therefore, and that

notice procedures in respect of the final hearing be established by this Court to consider entry of a final order ("Final Order") granting this Motion.

16.     The debtors-in-possession require the sale of their inventory, the conversion of the same to cash or accounts receivable and the use of the proceeds of the same and cash on hand and in their bank accounts in the ordinary course of the debtors-in-possession businesses to pay the expenses of operations incurred during the course of these Chapter 11 proceedings.

17.     Upon information and belief, Centric contends that the proceeds of the sale of inventory, all accounts receivable and the cash on hand and in bank accounts are collateral for the Centric debt, and that Centric would be entitled to adequate protection for any use of the proceeds from the same and the cash on hand and in bank accounts.

18.     The debtors-in-possession maintain that the value of the collateral allegedly securing the debt to Centric, including inventory, accounts receivable, equipment and immovable property, greatly exceeds the Centric debt.

19.     The debtors-in-possession show that the collateral securing the claims of Centric may be briefly described and valued as follows:

| | | |
|---|---|---|
| a. | Ford's Fine Foods' Colfax real estate location | $520,000.00 |
| b. | Ford's Fine Foods' FF&E, inventory and cash | $1,500,000.00 |
| c. | Wi-Jon's Wisner real estate location | $1,214,000.00 |
| d. | Wi-Jon's Wisner FF&E, inventory and cash | $1,500,000.00 |
| e. | Wi-Jon's Winnsboro real estate location | $1,506,000.00 |
| f. | Wi-Jon's Winnsboro FF&E, inventory and cash | $1,500,000.00 |
| g. | Wi-Jon's Jonesville real estate location | $594,000.00 |
| h. | Wi-Jon's Jonesville FF&E, inventory and cash | $1,500,000.00 |
| i. | Ford Holding's Jonesville shopping center | $900,000.00 |
| j. | Ford Holding's Jonesville office building | $75,000.00 |
| k. | Less Ford Holding's Sabine Bank debt | ($995,000.00) |
| l. | Total value of Centric collateral | $9,814,000.00 |

20.     However, to the extent that the proceeds of the inventory, all accounts receivable and cash on hand and in bank accounts constitute cash collateral and Centric's liens thereon are not subject to avoidance or subordination and adequate protection is determined to be required, the debtors-in-possession propose to grant Centric a replacement lien on the debtors-in-possession post-petition inventory, accounts receivable and cash on hand, retroactive to the Petition Date, as adequate protection for the debtors-in-possession use of the proceeds of the inventory, accounts receivable and the cash on hand and in bank accounts to the extent that same

constitute cash collateral, and only to the extent of the actual diminution of the value of Centric's valid, enforceable security interests in the debtors-in-possession assets.

21.     Notwithstanding the granting of the replacement lien, the debtors-in-possession shall be authorized to use the proceeds of pre- and post-petition inventory, accounts receivable and the cash on hand and in bank accounts to (*i*)  pay all post-petition expenses of operation in the ordinary course of business, (*ii*) to make other expenditures outside the ordinary course of business as may be authorized by this Court and (*iii*) to pay the fees and expenses for the professionals for the debtors-in-possession appointed by this Court and as their fees and expenses are are approved by this Court, including the attorney and certified public accountant, not to exceed $110,000.00 without further orders of this Court.

22.     Wi-Jon's and Ford's Fine Food's financial statements for the year ending 12/31/16 are attached hereto as exhibits to show the income and expenses of these operating companies in the ordinary course of business.  It is anticipated that continuing post-petition expenses will be similar to those encountered in 2016 and that income for 2017 will be increased due to the recovery of the prices for grocery products from the current economic deflation; thus creating additional net income for the operations.  It is submitted that a budget for each of the debtors filing this motion be 1/12 of each line item in the financial statements with a 15% variance for any given month to the aggregate amount of disbursements scheduled to be made pursuant said financial statement (the "Budget").

23.     The debtors submit that without the use of the Centric cash collateral, they would have to immediately cease operations.

24.      The debtors further submit and they would be caused irreparable harm to the debtors and their customers if operations were ceased as follows:

        a.     All income generated by the continued operations during the cessation of business would be lost;

        b.     The customers in the "food deserts" that the debtors serve would likely begin to purchase their groceries from other sources and some may never return as customers of the debtors;

        c.     The customers in the "food deserts" that the debtors serve would likely incur much greater expense to travel to larger cities to obtain the services provided by the debtors;

        d.     Much of the debtors' inventory would become stale and unusable generating substantial losses in the value of their assets;

        e.     A subsequent re-start of operations even a few days after closing would cause the debtors to incur great expense in replacing stale and unusable inventory;

f.	The debtors would immediately have to lay off their employees numbering 127 at great harm to them;

g.	Once laid off, even for a few days, many of the experienced employees may seek other employment and not return to the debtors' employ; and

h.	Scheduling a re-start of operations even after a short disruption would cause uncertainty when the debtors could again provide the full services to their existing customers.

25.	By filing the Motion, the debtors-in-possession propose that all legal and equitable rights, if any, of the debtors-in-possession and Centric are preserved and deemed not waived, including but not limited to:

a.	The debtors-in-possession rights to seek a surcharge under 11 U.S.C. § 506(c);

b.	The right of Centric to object to any future requests for authorization to use cash collateral;

c.	The right of Centric to resist and defend against any attempts to seek a surcharge under 11 U.S.C. § 506(c) or to assert rights of setoff, compensation and/or recoupment under 11 U.S.C. § 553 or otherwise;

d.	The debtors-in-possession rights to assert that the proceeds of all accounts receivable and the on hand and in bank accounts do not constitute "cash collateral" as defined in Section 363, and that Business First is not entitled to adequate protection for the use thereof; and,

e.	The debtors-in-possession rights under §§510, 544, 545, 547, 548, 549, 550, 551, and 552 of the Bankruptcy Code to avoid and/or prime any lien of Centric on the proceeds of all accounts receivable and the cash from on hand and in bank accounts.

26.	All of the debtors' cash may be subject to the lien of Centric and the debtors' will not be able to pay the fees incurred and owed to the Office of the U.S. Trustee as they become due and the fees and expenses of their proposed professionals if cash collateral is not freed to defray these costs as the applications for payment are approved by this Court.

27.	The debtors estimate that the total costs in fees and expenses incurred by their professionals in this case could be approximately $110,000.00.

28.	The debtors-in-possession request that a "carve out" be approved for the use of cash collateral to defray the above costs, fees and expenses.

29.	The debtors-in-possession agree to provide Centric a report on the expenditures made pursuant to this Order (or any extension thereof) beginning on June 30, 2017 and thereafter on the last date of the month following the month in which the expense has been made.

30.	Bankruptcy Rule 4001(b)(2) provides that the Court may conduct a hearing on a motion under §363 before the expiration of a fourteen (14) day notice period as described therein

and may authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

31.     Pending a final hearing on this Motion (which the debtors-in-possession request take place on or before thirty (30) days from the Petition Date, subject to the Court's availability) the debtors-in-possession must use cash collateral to maintain their operations until such final hearing is actually conducted; otherwise, the Wi-Jon and Ford's Fine Foods would have to cease operations, lay off employees and not provide grocery store services in the "food deserts" they presently serve.

32.     Accordingly, the debtors-in-possession request that the Court conduct an emergency interim hearing to consider the Debtors' request to use cash collateral.

33.     The debtors-in-possession further propose that the Final Hearing be held on the debtors-in-possession request to use cash which may be cash collateral at least fourteen (14) days after service of this Motion, at which time the debtors-in-possession will ask the Court to consider entry of a final order.

34.     The debtors-in-possession submit that the Court's consideration of this Motion at an interim and final hearing held upon the notice proposed herein is consistent and in accordance with the procedures set forth in Bankruptcy Rule 4001(b) respecting the debtors-in-possession obtaining the use of cash collateral.

35.     A copy of the proposed order authorizing the use of cash collateral on an interim basis is attached hereto as an exhibit.

36.     The debtors-in-possession also request this Court's approval of the form and manner of notice with respect to the preliminary and final hearing on the Motion as shown by the certificate of service below.

37.     Under the circumstances, such notice of the Preliminary Hearing and the relief requested in the Motion complies with the requirements of Bankruptcy Code §§364, 363 and Bankruptcy Rules 2002 and 4001.

38.     The debtors-in-possession propose to give at least fourteen (14) days advance notice of the hearing on the Final Hearing on the parties served with notice of the Preliminary Hearing, any other party which has filed a request for notice with this Court prior to the Preliminary Hearing and to counsel for any statutory committee appointed pursuant to Bankruptcy Code Section 1102.

39.     The debtors-in-possession request that (*i*) objections to entry of the Final Order shall be in writing and shall be filed with the Clerk of the Bankruptcy Court with a copy contemporaneously served upon underlying counsel and (*ii*) objections by creditors or other parties in interest to any of the provisions of the Final Order shall be deemed waived unless filed and served in accordance with this paragraph.

40.     The debtors-in-possession submit that such service and notice of the Preliminary Hearing and Final Hearing should be deemed good and sufficient.

WHEREFORE, the debtors-in-possession respectfully request that this Court (a) after expedited consideration, enter an Interim Order as requested herein, (b) schedule a Final Hearing on the Motion and a final date for filing objections thereto, (c) authorize the use of cash which may constitute cash collateral and adequate protection for same retroactive to the Petition Date, (d) approve the form and manner of notice set forth herein on the Preliminary Hearing and Final Hearing on this Motion, (e) after the Final Hearing, enter a Final Order in a form substantially identical to the Interim Order with respect to use of alleged cash collateral and adequate protection for same, and (f) grant to debtors-in-possession such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED


REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646

*/s/ Rex D. Rainach*
La. Bar Roll No. 11074

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion and attachments were served those parties receiving electronic notice from the Court upon the filing of any pleadings and via Email to the following parties:

The above referenced debtors
ford1419@yahoo.com

Office of U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

Office of the U.S. Trustee
VIA Court Email
Frances.Hewitt@usdoj.gov

Paul L. Hurd
Attorney for Centric Federal Credit Union
paul@paulhurdlawoffice.com

I hereby further certify that the foregoing application and attachments were served by placing a copy of the same in the U.S. Mail, postage prepaid, upon (*i*) Centric at its last know billing address, (*ii*) counsel for secured creditors, if known, (*iii*) all of the debtors' creditors as shown on the attached mailing matrix and (*iv*) any party requesting notice pursuant to Rule 2002.

Baton Rouge, LA, May 24, 2017.

*/s/ Rex D. Rainach*
REX D. RAINACH

RDR/C:/ Ford&Wi-Jon/Initial Pleadings/Common Pleadings/Order on Emergency Motion for Joint Administration/

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

In Re:                                              CHAPTER 11
WI-JON, INC.                                   CASE NO. 17-80522
    Debtor

In Re:                                              CHAPTER 11
FORD'S FINE FOODS, INC.                CASE NO. 17-80523
    Debtor

In Re:                                              CHAPTER 11
FORD HOLDINGS, LLC                     CASE NO. 17-80524
    Debtor

**ORDER AUTHORIZING THE INTERIM
SALE OF INVENTORIES AND
USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF**

    **CONSIDERING** (*i*) the *Emergency Motion for Order Authorizing the Debtors to Use Cash Collateral and Scheduling a Final Hearing* (the "Motion") filed by Wi-Jon, Inc. and Ford's

Fine Foods, Inc. moving the Court for entry of interim and final orders authorizing the debtors-in-possession to sell inventory and use cash and accounts receivable which may be "cash collateral" and providing adequate protection for same, and scheduling a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001, (*ii*) the Court having jurisdiction over this Motion under 28 U.S.C. §1334, (*iii*) this matter being a core proceeding pursuant to 28 U.S.C. §157, (*iv*) venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409, (*v*) the notice of hearing given on the Motion being proper and no further notice being required and (*vi*) the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein;

**FURTHER CONSIDERING** that the Motion came before the Court upon the debtors-in-possession request to sell inventory and use cash and accounts receivable (collectively, and otherwise defined in Section 363(a) of the Bankruptcy Code, the "Cash Collateral") which are subject to the liens and security interests (collectively, the "Liens") of Centric Federal Credit Union ("Centric") pursuant to loan agreements dated September 28, 2011, as amended (together with all security agreements, promissory notes, deeds of trust, instruments, certificates, and other documents related thereto, the "Loan Documents;"

**FURTHER CONSIDERING** that this Court having reviewed the Motion and all matters brought to its attention at the preliminary hearing held on May 25, 2017 pursuant to Bankruptcy Rule 400, to the extent granted by this Interim Order, is in the best interest of the debtors-in-possession, their estates and creditors; and after due deliberation and consideration:

**IT IS HEREBY ORDERED** that the Motion is granted on an interim basis, *nunc pro tunc* to the date of the petitions, on the terms set forth in this order (the "Interim Order").

**IT IS HEREBY FURTHER ORDERED** that any objections to the Motion and/or entry of this Interim Order that have not been previously withdrawn or resolved are hereby overruled.

**IT IS HEREBY FURTHER ORDERED** that subject to the terms set forth herein, this Interim Order is valid and binding on all parties in interest and shall be immediately and fully effective upon its entry.

**IT IS HEREBY FURTHER ORDERED** that:

1.  Sale of Inventory and Use of Cash Collateral.  The debtors-in-possession are authorized to sell its inventories and, pursuant to section 363(c)(2)(A) of the Bankruptcy Code, to use Cash Collateral subject to Centric's liens for expenses of a like kind and amount in

accordance with the financial statements for the year ending December 31, 2016 attached to the Motion for a period from the Petition Date through and including the earliest to occur of: (a) the payment in full or refinance of all of the Debtors' obligations under the Loan Documents in their entirety, (b) the occurrence of a "Termination Event" (as hereinafter defined), or (c) August 24, 2017 (the "Termination Date of This Interim Order").

2.      Notwithstanding anything contained herein, Centric shall have no obligation, pursuant to this Interim Order or otherwise, to allow the Debtors to sell its inventory or use any Cash Collateral following the Termination Date. The Debtors reserve the right to seek Court approval of the continued use of Cash Collateral after the Termination Date.

3.      Reporting by the Debtors-in-possession.  The debtors-in-possession shall provide Centric with a report on the expenditures made pursuant to this Interim Order (or any extension thereof) beginning on June 30, 2017, and by the last day of each month thereafter. The Debtors shall continue to produce any financial statements, reports, and other documents required under the Loan Documents in the manner and the timeframes specified in those documents. Upon reasonable written notice to the debtors-in-possession, Centric shall have the right to examine the debtors-in-possession' books.

4.      Adequate Protection Lien. In addition to all existing security interests and liens granted to or for the benefit of Centric in and upon the prepetition property, as adequate protection for the sale of the inventory and use of the Cash Collateral pursuant to the terms of this Interim Order, any final order approving use of cash collateral or any subsequent order or pursuant to Section 363(c) of the Bankruptcy Code, or the imposition of the automatic stay pursuant to Section 362(a) of the Bankruptcy Code, and without the necessity of any further act or documentation, Centric is hereby granted a post-petition lien on post-petition properties of the kind and nature that it holds in pre-petition property, to the extent it does not already have the same, in the same priority as it held in prepetition property.

5.      Termination Events. The occurrence of any of the following shall constitute a "Termination Event" under this Order except to the extent Centric waives in writing its rights and remedies in respect of such Termination Event: (*i*) the debtors-in-possession fail to timely comply with any terms, covenants, provisions, or agreements contained in this Interim Order; (*ii*) the entry of an order dismissing any of the debtors-in-possession' Chapter 11 cases; (*iii*) the entry of an order converting any of the debtors-in-possession' Chapter 11 cases to one under

Chapter 7; (*iv*) the entry of an order appointing a Chapter 11 trustee, chief responsible officer, or examiner with powers over the operation and business of any debtors-in-possession (beyond those set forth in Sections 1106(a)(3) and (4) of the Bankruptcy Code); (*v*) the debtors-in-possession' assertion that any of the terms and condition of this Interim Order are not valid and binding; (*vi*) if on an aggregate basis monthly cash disbursements exceed the cash disbursements projected in the budget that is deemed to be 1/12 of each line item in the Wi-Jon's and Ford's Fine Food's financial statements for the year ending 12/31/16 given a 15% variance to the aggregate amount of disbursements scheduled to be made pursuant to the Budget; or (*vii*) the passage of more than thirty (30) days from the date of this Interim Order if this Court has not entered a final order.

6.    Reservation of Rights. Notwithstanding anything in this Interim Order to the contrary, all legal and equitable rights, if any, of the debtors-in-possession and Centric are preserved and deemed not waived, including but not limited to:

a.    The debtors-in-possession' rights to seek a surcharge under 11 U.S.C. § 506(c);

b.    The right of Centric to object to any future requests for authorization to use cash collateral, to seek relief from the automatic stay of 11 U.S.C. §362 or to file any other motion for relief under the Bankruptcy Code;

c.    The right of Centric to resist and defend against any attempts to seek a surcharge under 11 U.S.C. § 506(c) or to assert rights of setoff, compensation and/or recoupment under 11 U.S.C. § 553 or otherwise;

d.    The debtors-in-possession' rights to assert that the inventory, accounts receivable, proceeds of all accounts receivable and cash on hand in bank accounts do not constitute "cash collateral" as defined in Section 363, and that Business First is not entitled to adequate protection for the use thereof; and,

e.    The debtors-in-possession' rights under Sections 510, 544, 545, 547, 548, 549, 550, 551, and 552 of the Bankruptcy Code to avoid and/or prime any lien of Centric on the inventory, accounts receivable, proceeds of all accounts receivable and the cash from on hand and in bank accounts.

7.    <u>Carve Out Upon Event of Default.</u> Upon the occurrence of a Termination Event, to the extent that there are not sufficient, unencumbered assets in the debtors-in-possession' respective

estates to pay such amounts set forth below in this paragraph, the Adequate Protection Liens and all liens in favor of Centric shall be subject and subordinate to payment of the following: (*i*) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under 28 U.S.C §1930(a) plus interest pursuant to 31 U.S.C. §3717; and (*ii*) to the extent allowed by the Bankruptcy Court at any time all accrued and unpaid fees, disbursements, costs and expenses of professionals or professional firms retained by the debtors-in-possession' accrued or incurred at any time before or on the date and time of the delivery by Centric of a Notice of Event of Default, whether allowed by the Court prior to or after delivery of a Notice of Event of Default; plus fees, costs and expenses incurred by the aforementioned professionals after the date of the Notice of Event of Default in an amount not to exceed $110,000 in the aggregate; provided, however, that nothing in this Order shall be construed to impair the right of any party to object to any fees, expenses, reimbursement or compensation sought by any such professionals or any other person or entity.

8.     <u>Carve Out With No Event of Default.</u>  Should no event of Default occur under this Interim Order or under any Final Order, to the extent that there are not sufficient, unencumbered assets in the debtors-in-possession' respective estates to pay such amounts set forth below in this paragraph, the Adequate Protection Liens and all liens in favor of Centric shall be subject and subordinate to payment of the following: (*i*) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under 28 U.S.C §1930(a) plus interest pursuant to 31 U.S.C. §3717; and (*ii*) to the extent allowed by the Bankruptcy Court at any time all accrued and unpaid fees, disbursements, costs and expenses of professionals or professional firms retained by the debtors-in-possession' plus fees, costs and expenses incurred by the aforementioned professionals after the date of the Notice of Event of Default in an amount not to exceed $110,000 in the aggregate; provided, however, that nothing in this Order shall be construed to impair the right of any party to object to any fees, expenses, reimbursement or compensation sought by any such professionals or any other person or entity.

9.     <u>Final Hearing</u>. A final hearing to consider approval of the Motion will be held before this Court on _____, 2017 at _____ o'clock ___.m. (the "Final Hearing"). Pursuant to Bankruptcy Rule 4001(b)(3), proposed counsel to the Debtors shall provide notice of the Final Hearing and a copy of this Interim Order to (*i*) the United States Trustee, (*ii*) Centric, (*iii*) counsel for Centric, (*iv*) the Debtors' 20 largest unsecured creditors via first class mail at the addresses shown in the List of 20 Largest Unsecured Creditors filed in each case; (*v*) those parties in interest that have requested notice pursuant to Bankruptcy Rule 2002(g); and (*vi*) parties claiming a lien or security interest in the debtors-in-possession' property. Any objections to the relief sought at the Final

Hearing shall be in writing, state the basis therefor, and be filed and served on counsel for the Debtors and counsel for Business First no later than June ___, 2017.

# # #

Submitted by:
REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646
La. Bar Roll No. 11074

RDR/C:/ Ford&Wi-Jon/Initial Pleadings/Common Pleadings/Order on Emergency Motion for Joint Administration/

WI-JON, INC.

Financial Statements

For The Twelve Months Ended June 30, 2016

## ACCOUNTANT'S COMPILATION REPORT

To the Board of Directors
WI-JON, INC.
JONESVILLE, LA 71343

I have compiled the accompanying statement of assets, liabilities and equity - income tax basis of WI-JON, INC. (a Louisiana Corporation) as of June 30, 2016, and the related statements of revenues, expenses and retained earnings - income tax basis for the year then ended, in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. The financial statements have been prepared on the accounting basis used by the Company for income tax purposes, which is a comprehensive basis of accounting other than generally accepted accounting principles.

Management is reponsible for the preparation and fair presentation of the financial statement in accordance with the income tax basis of accounting and for designing, implementing, and maintaining internal control relevant to the preparation and fair presentation of the financial statement.

My responsibility is to conduct the compilation in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. The objective of a compilation is to assist management in presenting financial information in the form of financial statements without undertaking to obtain or provide any assurance that there are no material modifications that should be made to the financial statement.

Management has elected to omit substantially all of the disclosures ordinarily included in financial statements prepared on the income tax basis of accounting. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's assets, liabilities, equity, revenues and expenses. Accordingly, these financial statements are not designed for those who are not informed about such matters.

I am not independent with respect to WI-JON, INC.

_____
H. Maurice Linam, CPA

August 26, 2016

TABLE OF CONTENTS

|  | Page |
|---|---|
| ACCOUNTANT'S COMPILATION REPORT | 1 |
| FINANCIAL STATEMENTS | |
| Statement of Assets, Liabilities and Equity - Income Tax Basis | 2-3 |
| Statement of Revenues and Expenses - Income Tax Basis | 4-5 |
| Statement of Retained Earnings - Income Tax Basis | 6 |
| SUPPLEMENTARY INFORMATION | |
| Financial Statements - Jonesville - Income Tax Basis | 7-11 |
| Financial Statements - Wisner - Income Tax Basis | 12-16 |
| Financial Statements - Winnsboro - Income Tax Basis | 17-21 |

# WI-JON, INC.
## Combined
## Statement of Assets, Liabilities and Equity
## Income Tax Basis
## As of June 30, 2016

## ASSETS

**CURRENT ASSETS**

| | | |
|---|---|---|
| Cash on Hand | $ | 54,732.01 |
| Catahoula LaSalle Bank | | 34.60 |
| Wi-Jon Special Account | | 97,808.76 |
| Catahoula LaSalle-Expense Account | | 611.41 |
| Catahoula LaSalle Bank | | (82,916.41) |
| Winnsboro State Bank-Wisner | | (30,172.34) |
| Winnsboro State Bank-Winnsboro | | (43,724.20) |
| Accounts Receivable | | 107,997.44 |
| Catahoula Lasalle-Payroll A/C | | 6,518.40 |
| Catahoula Lasalle-Mgt Payroll | | 13,106.19 |
| Inventory | | 687,772.97 |
| **Total Current Assets** | | 811,768.83 |

**PROPERTY AND EQUIPMENT**

| | |
|---|---|
| Land | 288,723.00 |
| Buildings | 2,906,665.52 |
| Autos & Trucks | 100,638.98 |
| Machinery & Equipment | 3,953,528.57 |
| Furniture & Fixtures | 126,422.21 |
| Less: Accumulated Depreciation | (4,607,513.17) |
| **Net Property and Equipment** | 2,768,465.11 |

**OTHER ASSETS**

| | |
|---|---|
| Meter Deposits | 32,416.00 |
| A/R - Ford Holdings | 76,442.58 |
| Estimated Corporate Tax | 26,826.00 |
| Accts. Rec.-Inter Co. | 343,026.77 |
| Renewal Community Credit | 221,906.00 |
| **Total Other Assets** | 700,617.35 |
| **TOTAL ASSETS** | $ 4,280,851.29 |

# WI-JON, INC.
## Combined
## Statement of Assets, Liabilities and Equity
## Income Tax Basis
## As of June 30, 2016

## LIABILITIES AND STOCKHOLDERS' EQUITY

**CURRENT LIABILITIES**

| | | |
|---|---|---|
| Accounts Payable - AWG | $ | 167,670.80 |
| Accounts Payable | | 83,467.78 |
| State W/H Tax Payable | | 2,953.00 |
| St. Unemp. Tax Payable | | 6,000.17 |
| Fed. Unemp. Tax Pay. | | 1,703.47 |
| Sales Tax Payable | | 59,779.59 |
| Current Portion of L/T Debt | | 300,000.00 |
| **Total Current Liabilities** | | 621,574.81 |

**LONG-TERM LIABILITIES**

| | |
|---|---|
| N/P - Centric FCU | 3,893,841.91 |
| N/P - Quinon Ford | 240,592.11 |
| A/P - Inter-Company | 41,831.15 |
| Less Current Portion L/T Debt | (300,000.00) |
| **Total Long-Term Liabilities** | 3,876,265.17 |
| **Total Liabilities** | 4,497,839.98 |

**STOCKHOLDERS' EQUITY**

| | |
|---|---|
| Common Stock | 20,000.00 |
| Treasury Stock | (75,000.00) |
| Retained Earnings | (161,988.69) |
| **Total Stockholders' Equity** | (216,988.69) |

| | | |
|---|---|---|
| **TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY** | $ | 4,280,851.29 |

# WI-JON, INC.
## Combined
## Statement of Revenues and Expenses
## Income Tax Basis
## June 30, 2016

|  | 12 Months Ended June 30, 2016 | % |
|---|---|---|
| **Sales** | | |
| Merchandise Sales | $ 16,936,454.58 | 94.56 |
| Returns & Allowances | (74,566.30) | (0.42) |
| Miscellaneous Income | 1,049,002.37 | 5.86 |
| **Total Sales** | 17,910,890.65 | 100.00 |
| **Cost of Goods Sold** | | |
| Merchandise Purchases | 12,539,920.93 | 70.01 |
| Service Charges | 4,758.40 | 0.03 |
| Inventory (Inc) Dec | (46,551.43) | (0.26) |
| **Total Cost of Goods Sold** | 12,498,127.90 | 69.78 |
| **Gross Profit** | 5,412,762.75 | 30.22 |

# WI-JON, INC.
## Combined
## Statement of Revenues and Expenses
## Income Tax Basis
## June 30, 2016

**Operating Expenses**

| | | |
|---|---:|---:|
| Advertising | 265,240.98 | 1.48 |
| Accounting | 26,964.00 | 0.15 |
| Bank Charges | 53,261.69 | 0.30 |
| Cash Short or (Over) | 2,553.42 | 0.01 |
| Contract Labor | 48,676.89 | 0.27 |
| Depreciation | 377,860.35 | 2.11 |
| Dues & Subscriptions | 1,178.10 | 0.01 |
| Equipment Rental | 4,026.91 | 0.02 |
| Freight & Delivery | 273,727.40 | 1.53 |
| Gas, Oil & Tires | 21,156.67 | 0.12 |
| Insurance | 387,919.58 | 2.17 |
| Interest Expense | 125,503.09 | 0.70 |
| Inventory Count | 8,398.48 | 0.05 |
| Laundry | 17,212.29 | 0.10 |
| Lease Expense | 1,070.10 | 0.01 |
| Medical | 5,390.00 | 0.03 |
| Office | 25,714.66 | 0.14 |
| Outside Services | 26,663.10 | 0.15 |
| Pension Plan | 20,038.05 | 0.11 |
| Postage | 4,419.54 | 0.02 |
| Rent | 6,500.00 | 0.04 |
| Repairs & Maintenance | 210,329.08 | 1.17 |
| Salaries | 1,362,359.66 | 7.61 |
| Management Salaries | 949,622.55 | 5.30 |
| Security | 2,515.90 | 0.01 |
| Supplies | 215,599.93 | 1.20 |
| Taxes & Licenses | 104,264.18 | 0.58 |
| Taxes-Payroll | 203,928.86 | 1.14 |
| Telephone | 26,488.46 | 0.15 |
| Uniforms | 3,271.38 | 0.02 |
| Utilities | 381,796.36 | 2.13 |
| **Total Operating Expenses** | 5,163,651.66 | 28.83 |
| | | |
| **Operating Income (Loss)** | 249,111.09 | 1.39 |

**Other Income and Expense**

| | | |
|---|---:|---:|
| Money Order Sales | 3,889,236.88 | 21.71 |
| Money Order Purchases | (3,889,236.88) | (21.71) |
| | | |
| **Net Income (Loss)** | $ 249,111.09 | 1.39 |

# WI-JON, INC.
## Combined
## Statement of Retained Earnings
## Income Tax Basis
## June 30, 2016

|  | **12 Months Ended** **June 30, 2016** |
|---|---|
| Beginning of Period | $ (411,099.78) |
| Plus: Net Income | $ 249,111.09 |
| **RETAINED EARNINGS** **END OF PERIOD** | $ (161,988.69) |



Ford's Fine Foods, Inc.

Financial Statements

For The Twelve Months Ended December 31, 2016

# TABLE OF CONTENTS

Page

ACCOUNTANT'S COMPILATION REPORT                                    1

FINANCIAL STATEMENTS

    Statement of Assets, Liabilities and Equity - Tax Basis        2-3

    Statement of Revenues and Expenses - Tax Basis               4-5

    Statement of Retained Earnings - Tax Basis                       6

## ACCOUNTANT'S COMPILATION REPORT

To Management
Ford's Fine Foods, Inc.
Monroe, LA 71201

Management is responsible for the accompanying financial statements of Ford's Fine Foods, Inc. (an S Corporation), which comprise the statement of assets, liabilities, and equity - tax basis as of December 31, 2016, and the related statement of revenues and expenses - tax basis and retained earnings - tax basis for the twelve months then ended in accordance with the tax basis of accounting, and for determining that the tax basis of accounting is an acceptable financial reporting framework. I have performed a compilation engagement in accordance with Statements on Standards for Accounting and Review Services promulgated by the Accounting and Review Services Committee of the AICPA. I did not audit or review the financial statements nor was I required to perform any procedures to verify the accuracy or completeness of the information provided by management. Accordingly, I do not express an opinion, a conclusion, nor provide any form of assurance on these financial statements

The financial statements are prepared in accordance with the tax basis of accounting, which is a basis of accounting other than accounting principles generally accepted in the United States of America.

Management has elected to omit substantially all the disclosures ordinarily included in financial statements prepared in accordance with the tax basis of accounting. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's assets, liabilities, equity, revenues and expenses. Accordingly, the financial statements are not designed for those who are not informed about such matters.

The Company, with the consent of its stockholders, has elected under the Internal Revenue Code to be an S corporation. In lieu of corporate income taxes, the stockholders of an S corporation are taxes on their proportionate share of the Company's taxable income. Therefore, no provision of liability for federal income taxes has been included in these financial statements.

I am not independent with respect to Ford's Fine Foods, Inc.

_____
H. Maurice Linam, CPA

Monroe, LA

May 2, 2017

# Ford's Fine Foods, Inc.
# Colfax
# Statement of Assets, Liabilities and Equity
# Tax Basis
# As of December 31, 2016

## ASSETS

**CURRENT ASSETS**

| | | |
|---|---|---:|
| Cash on Hand | $ | 13,798.56 |
| Colfax Banking Co. | | (18,374.55) |
| Ford's Fine Foods-Tax Account | | 8,861.33 |
| Ford's Food Center-NSF/WIC Acct | | 25,188.44 |
| Accounts Receivable | | 48,076.90 |
| Ford's Fine Foods-Payroll | | (11,279.02) |
| Inventory | | 189,705.63 |
| **Total Current Assets** | | 255,977.29 |

**PROPERTY AND EQUIPMENT**

| | |
|---|---:|
| Land | 73,170.45 |
| Buildings | 523,189.92 |
| Leasehold Improvements | 29,050.62 |
| Autos & Trucks | 92,908.85 |
| Machinery & Equipment | 1,509,457.98 |
| Furniture & Fixtures | 2,216.00 |
| Less: Accumulated Depreciation | (2,038,010.31) |
| **Net Property and Equipment** | 191,983.51 |

**OTHER ASSETS**

| | |
|---|---:|
| Meter Deposits | 4,500.00 |
| A/R Employees | 225.43 |
| A/R Ford Holdings, LLC | 57,761.31 |
| **Total Other Assets** | 62,486.74 |
| **TOTAL ASSETS** | $ 510,447.54 |

# Ford's Fine Foods, Inc.
## Colfax
## Statement of Assets, Liabilities and Equity
## Tax Basis
## As of  December 31, 2016

## LIABILITIES AND STOCKHOLDERS' EQUITY

**CURRENT LIABILITIES**

| | | |
|---|---|---:|
| Accounts Payable - AWG | $ | 77,253.64 |
| A/P Wi-Jon, Inc. | | 271,249.11 |
| Accounts Payable | | 12,968.23 |
| State W/H Tax Payable | | 1,834.00 |
| St Unempl Tax Payable | | 344.94 |
| Fed Unempl Tax Payable | | 93.65 |
| Sales Tax Payable | | 13,711.00 |
| A/P - Shareholder | | 118,799.12 |
| Note Payable Current Portion | | 120,000.00 |
| **Total Current Liabilities** | | 616,253.69 |

**LONG-TERM LIABILITIES**

| | |
|---|---:|
| N/P - Centric FCU | 688,592.94 |
| Less Current Portion | (120,000.00) |
| **Total Long-Term Liabilities** | 568,592.94 |
| **Total Liabilities** | 1,184,846.63 |

**STOCKHOLDERS' EQUITY**

| | |
|---|---:|
| Common Stock | 1,000.00 |
| Retained Earnings | (675,399.09) |
| **Total Stockholders' Equity** | (674,399.09) |

| | | |
|---|---|---:|
| **TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY** | $ | 510,447.54 |

# Ford's Fine Foods, Inc.
# Colfax
# Statement of Revenues and Expenses
# Tax Basis
# December 31, 2016

|  | 12 Months Ended December 31, 2016 | % |
|---|---|---|
| **Sales** | | |
| Merchandise Sales | $ 4,230,815.56 | 97.66 |
| Miscellaneous Income | 101,389.75 | 2.34 |
| **Total Sales** | 4,332,205.31 | 100.00 |
| | | |
| **Cost of Goods Sold** | | |
| Merchandise Purchases | 3,210,146.04 | 74.10 |
| Service Charges | 1,118.95 | 0.03 |
| Inventory (Increase) Decrease | 17,935.44 | 0.41 |
| **Total Cost of Goods Sold** | 3,229,200.43 | 74.54 |
| | | |
| **Gross Profit** | 1,103,004.88 | 25.46 |
| | | |
| **Operating Expenses** | | |
| Advertising | 59,377.21 | 1.37 |
| Accounting | 9,711.50 | 0.22 |
| Bank Charges | 13,025.88 | 0.30 |
| Cash Short or (Over) | 1,055.73 | 0.02 |
| Contract Labor | 15,361.38 | 0.35 |
| Depreciation | 67,598.25 | 1.56 |
| Dues & Subscriptions | 500.00 | 0.01 |
| Equipment Rental | 2,070.23 | 0.05 |
| Freight & Delivery | 75,981.71 | 1.75 |
| Gas, Oil & Tires | 8,947.13 | 0.21 |
| Insurance | 84,634.36 | 1.95 |
| Interest Expense | 65,730.71 | 1.52 |
| Inventory Count | 1,674.24 | 0.04 |
| Laundry | 7,222.22 | 0.17 |
| Management Fee | 145,382.02 | 3.36 |
| Medical | 1,480.00 | 0.03 |
| Office | 4,054.73 | 0.09 |
| Outside Services | 7,510.83 | 0.17 |
| Postage | 985.77 | 0.02 |
| Rent | 106.00 | 0.00 |
| Repairs & Maintenance | 48,533.58 | 1.12 |
| Salaries | 429,204.05 | 9.91 |
| Security | 1,058.50 | 0.02 |
| Supplies | 40,325.53 | 0.93 |
| Taxes & Licenses | 25,630.34 | 0.59 |
| Taxes-Payroll | 37,438.15 | 0.86 |
| Telephone | 4,473.74 | 0.10 |
| Uniforms | 159.06 | 0.00 |
| Utilities | 112,250.10 | 2.59 |
| **Total Operating Expenses** | 1,271,482.95 | 29.35 |
| **Operating Income (Loss)** | (168,478.07) | (3.89) |

# Ford's Fine Foods, Inc.
# Colfax
# Statement of Revenues and Expenses
# Tax Basis
# December 31, 2016

**Other Income and Expense**

| | | |
|---|---:|---:|
| Money Order Sales | 919,900.07 | 21.23 |
| Western Union Sales | 325,350.50 | 7.51 |
| Utility Collections | 1,694,013.61 | 39.10 |
| Money Order Purchases | (919,900.07) | (21.23) |
| Western Union Purchases | (325,350.50) | (7.51) |
| Utility Remittances | (1,694,013.61) | (39.10) |
| **Net Income (Loss)** | $ (168,478.07) | (3.89) |

# Ford's Fine Foods, Inc.
## Colfax
## Statement of Retained Earnings
## Tax Basis
## December 31, 2016

|  | 12 Months Ended December 31, 2016 |
|---|---|
| Beginning of Period | $ (506,921.02) |
| Plus: Net Income | $ (168,478.07) |
| **RETAINED EARNINGS END OF PERIOD** | $ (675,399.09) |